UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:23-cr-166-HLA-JBT

AMIT PATEL

**UNITED STATES' CONSENT MOTION FOR A PRELIMINARY ORDER
OF FORFEITURE FOR PROCEEDS AND FOR DIRECT ASSETS**

The United States of America moves this Court, pursuant to 18 U.S.C. §§
981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2)
and (4), and the defendant's plea agreement, to enter as soon as practical, a
preliminary order of forfeiture for proceeds in the amount of $22,221,454.40, which
the defendant admits he obtained, as the result of the wire fraud offense charged in
Count One to which the defendant is pleading guilty, and the following traceable
assets, which were purchased or funded with proceeds of the wire fraud offense
and/or involved in an illegal monetary transaction, as the result of the offenses
charged in Counts One and Two:

    a.   The real property located at 602 Marsh Cove Lane, Ponte Vedra
Beach, FL 32082; (valued at approximately $265,830.00), titled
in the name of Amit Patel, the legal description for which is as
follows:

        Unit No. 602 of MARSH COVE CONDOMINIUM, a
Condominium according to The Declaration of Condominium
recorded in Official Records Book 1491, Page 598, and all
exhibits and amendments thereof, Public Records of Saint John's
County, Florida.

        Parcel Identification Number: 051089-0602.

b.     A 2021 Tesla Model 3 sedan, Vehicle Identification Number 5YJ3E1ECMF992388, titled in the name of Amit Anil Patel (valued at approximately $40,625.00).

c.     Patek Philippe Nautilus watch, SKU: PAT22506; (valued at approximately $82,000).

In accordance with Rule 32.2(b)(4) and the defendant's Plea Agreement (Doc. 15 at 7), the United States asks that the order of forfeiture be made final as to the defendant at the time it is entered. In support, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I.     Statement of Facts

#### A.     Allegations Against the Defendant

1.     The defendant was charged via a two-count Information with wire fraud, in violation of 18 U.S.C. § 1343, and engaging in an illegal monetary transaction, in violation of 18 U.S.C. § 1957. Doc. 1.

2.     The Information also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c), the United States would seek a preliminary order of forfeiture for proceeds in the amount of at least $22,221,454.40, which represents the amount of proceeds obtained from the offense, and the assets identified above. *Id.* at 5-7.

#### B.     Finding of Guilt and Admissions Related to Forfeiture

3.     On December 14, 2023, the defendant pleaded guilty to Counts One and Two of the Information before United States Magistrate Judge Joel B. Toomey,

2

who recommended that his plea be accepted. Docs. 11 & 19. On December 20, 2023, United States District Judge Henry Lee Adams, Jr. accepted his plea and adjudicated him guilty. Doc. 22. The defendant's sentencing is currently scheduled for March 12, 2024.

4.      In his Plea Agreement, (Doc. 15 at 5-9), the defendant specifically agreed to immediately and voluntarily forfeit $22,221,454.40 in proceeds he obtained as a result of the wire fraud offense to which he is pleading, and forfeiture of the assets identified above which were purchased or funded with proceeds of the offenses and/or involved in an illegal monetary transaction.[1] Moreover, the defendant also agreed that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets. *Id.* at 6-7.

**C.     Admissions of Fact**

5.      In the Factual Basis of his Plea Agreement, (Doc. 15 at 19-34), the defendant admitted that between September 2019 and February 2023, he operated a

---

[1] The defendant also agreed to the forfeiture of specific assets, including the three directly traceable assets referenced in the parties' Stipulation Regarding Forfeiture, and Restitution which was Exhibit A to the Plea Agreement. Doc. 15-2.

fraud scheme through which he embezzled approximately $22,221,454.40 from his employer, a business headquartered in Jacksonville, Florida ("Business A"). Specifically, the defendant used his role as the administrator for Business A's virtual credit card (or VCC) program to make hundreds of purchases and transactions with no legitimate business purpose. Then, to hide and continue to operate the scheme, he sent falsified accounting records to Business A representatives via interstate wire communications, specifically, emails. *Id.* at 19.

6.     The defendant used the proceeds of this scheme, in whole or part, to place bets with online gambling websites; to purchase a condominium in Ponte Vedra Beach, Florida; to pay for personal travel for himself and friends (including chartering private jets and booking luxury hotels and private rental residences); to acquire a new Tesla Model 3 sedan and Nissan pickup truck; to pay a criminal defense law firm; and to purchase cryptocurrency, non-fungible tokens, electronics, sports memorabilia, a country club membership, spa treatments, concert and sporting event tickets, home furnishings, and luxury wrist watches. *Id.* at 21.

7.     The defendant acknowledges that there exists a sufficient nexus for purposes of forfeiture between the proceeds received, real property, vehicle, and jewelry, to the criminal conduct set forth above. *Id.* at 24.

II.    **Applicable Law**

A.    **Forfeiture Statute**

Forfeiture of property for wire fraud offense, in violation of 18 U.S.C. § 1343, is governed by 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7)), or a conspiracy to commit such offense. Section 1956(c)(7) incorporates the racketeering offense under 18 U.S.C. § 1961, and wire fraud conspiracy in violation of 18 U.S.C. § 1343 is a "specified unlawful activity" under 18 U.S.C. § 1961(1). *See* 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1956(c)(7)(A), and 18 U.S.C. § 1961(1).  Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

In sentencing a person convicted of a money laundering offense (18 U.S.C. § 1957), the Court's authority to enter an order of forfeiture against the defendant and to forfeit specific assets is found in 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2. The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

5

### B.    Direct Assets

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). As the defendant has agreed, the assets identified on page one and two above, are traceable assets, which were purchased or funded with proceeds of the offenses and/or involved in an illegal monetary transaction, as the result of the offenses charged in Counts One and Two, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c).

### C.    Preliminary Order of Forfeiture for Proceeds

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Rule 32.2(b)(1) provides that, where the government seeks a preliminary order of forfeiture for proceeds, the Court must determine the amount of money that the defendant will be ordered to pay.

The defendant admitted that he has dissipated the criminal proceeds that he obtained as the result of the commission of the offenses to which he pled guilty. Doc. 15 at 6-7. Because the United States could not locate all the proceeds of the defendant's wire fraud offense, the United States seeks an order of forfeiture against

him in the amount of $22,221,454.40, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As the defendant has agreed, $22,221,454.40 represents proceeds he obtained as a result of the wire fraud offense charged in Count One. If the Court finds that at least $22,221,454.40 in proceeds was derived from his role in the wire fraud offense, and that the defendant has dissipated those funds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

**D.      Court's Determination of Forfeiture**

Federal Rule of Criminal Procedure 32.2(b)(1) requires that as soon as practical after a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks a personal judgment, the court must determine the amount of money that the defendant will be ordered to pay. Fed. R. Crim. P. 32.2(b)(1)(A). Where the government seeks forfeiture of specific assets, the court must determine whether the government has established the requisite nexus between the property and the offenses. *Id.*

In this instance, the United States is seeking both a preliminary order of forfeiture for proceeds in the amount of $22,221,454.40 against the defendant and forfeiture of the direct assets identified above.

**III.   <u>Conclusion</u>**

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P.

32.2(b)(2) and (4), the Court enter a preliminary order of forfeiture for proceeds against the defendant in the amount of $22,221,454.40 and a preliminary order of forfeiture for the assets identified above, subject to the provisions of 21 U.S.C. § 853(n).

The net proceeds from the forfeited assets will be credited towards the satisfaction of the defendant's preliminary order of forfeiture for proceeds.

The United States further requests that, because the $22,221,454.40 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $22,221,454.40.

The United States further requests that, in accordance with his Plea Agreement, (Doc. 15 at 7), the preliminary order of forfeiture for proceeds and direct assets become final as to the defendant at the time it is entered.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the preliminary order of forfeiture for proceeds.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:     *s/Jennifer M. Harrington*
        JENNIFER M. HARRINGTON
        Assistant United States Attorney
        Florida Bar No. 0117748
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7643
        Email: Jennifer.Harrington2@usdoj.gov

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney

10