UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:23-cr-166-HLA-JBT

AMIT PATEL

**PRELIMINARY ORDER OF FORFEITURE
FOR PROCEEDS AND FOR DIRECT ASSETS**

THIS CAUSE comes before the Court upon the United States of America's Consent Motion for:

(1) a Preliminary Order of Forfeiture for Proceeds in the amount of $22,221,454.40, which the defendant admits he obtained, as the result of the wire fraud offense charged in Count One.

(2) a Preliminary Order of Forfeiture for Direct Assets for which were purchased or funded with proceeds of the wire fraud offense charged in Count One and/or involved in an illegal monetary transaction charged in Count Two.

    a. The real property located at 602 Marsh Cove Lane, Ponte Vedra Beach, FL 32082; (valued at approximately $265,830.00), titled in the name of Amit Patel, the legal description for which is as follows:

    Unit No. 602 of MARSH COVE CONDOMINIUM, a Condominium according to The Declaration of Condominium recorded in Official Records Book 1491, Page 598, and all exhibits and amendments thereof, Public Records of Saint John's County, Florida.

    Parcel Identification Number: 051089-0602.

    b.    A 2021 Tesla Model 3 sedan, Vehicle Identification Number 5YJ3E1ECMF992388, titled in the name of Amit Anil Patel (valued at approximately $40,625.00).

    c.    Patek Philippe Nautilus watch, SKU: PAT22506; (valued at approximately $82,000).

Being fully advised of the relevant facts, the Court hereby finds that at least $22,221,454.40 in proceeds was obtained from the wire fraud offense to which the defendant pled guilty.

The Court further finds that all of the assets identified above are traceable assets, which were purchased or funded with proceeds of the wire fraud offense charged in Count One and/or involved in an illegal monetary transaction charged in Count Two, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c).

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' consent motion (Doc. 28) is GRANTED.

It is FURTHER ORDERED that; the United States is entitled to forfeit the $22,221,454.40 in proceeds the defendant obtained as a result of his participation in the wire fraud offense. In addition, the assets identified above were purchased or funded with proceeds of the offenses and/or involved in an illegal monetary transaction, as the result of the offenses charged in Counts One and Two and are forfeitable under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2) and (4).

It is FURTHER ORDERED that, because the $22,221,454.40 was dissipated by the defendant, and the United States could not locate all the of the specific property traceable to the defendant's offenses, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $22,221,454.40. The United States may also conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets. Jurisdiction is retained to enter any order necessary for the forfeiture and disposition of any substitute asset and to address any third-party claim.

The net proceeds from the forfeited assets will be credited towards the satisfaction of the defendant's order of forfeiture.

DONE and ORDERED in Jacksonville, Florida, this __5__ day of March, 2024.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record